IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT WAYNE DECKER,

  Petitioner,

v.              Civil Action No. 2:10cv80
                  (Judge Maxwell)

ADRIAN HOKE, Warden,

  Respondent.

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On June 21, 2010, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. [Dckt. 1] He paid the required filing fee on July 7, 2010. [Dckt. 9] On July 14, 2010, the undersigned conducted a preliminary review of the file and noted that the petition appeared to be untimely. [Dckt. 10 at 1-2] However, because the record was incomplete as to the dates of several of the petitioner's state court filings, the undersigned directed the respondent to file a limited answer on the issue of timeliness. *Id.* at 2.

On August 12, 2010, the respondent filed an answer. [Dckt. 12] That answer provides the missing dates of the petitioner's state proceedings and the pertinent state court records. *Id.* at 2. The respondent also agrees that the petitioner's federal habeas is untimely, and requests the denial of the petition with prejudice. *Id.* The petitioner did not file a reply to the respondent's response.

### II. State Court History

**A. Petitioners' Conviction and Sentence**

On June 27, 2003, a jury in the Circuit Court of Hampshire County, West Virginia, convicted the petitioner of Kidnapping and Sexual Assault in the First Degree. [Dckt. 1 at 1] On August 20,

2003, he received a sentence of life with mercy and a consecutive one to five year term of imprisonment.[1]  *Id.*

**B.  Petitioners' Direct Appeal**

An appeal of the petitioner's conviction and sentence was denied on April 5, 2004.  Resp't Ex. 2.  The petitioner did not file a writ of certiorari to the United States Supreme Court.

**C.  Petitioners' State Habeas Proceedings**

The petitioner filed a state habeas petition in the Circuit Court of Hampshire County on April 26, 2005.  Resp't Ex. 3.  His petition was denied by the circuit court on January 12, 2009.  *Id.*  The petitioner filed an appeal of that decision on June 12, 2009.  *Id.*  His appeal was refused on September 24, 2009.  *Id.*

### III.  Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition.  28 U.S.C. §2244(d).  Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

---

[1]In the petition, the petitioner asserts that he was sentenced on August 20, 2003. [Dckt. 1 at 1] This is the date on which the petitioner's sentencing hearing took place. Resp't Ex. 1. However, the judgment was actually entered on August 29, 2003.  *Id.*

2

made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

In this case, the petition is clearly untimely. The petitioner's direct appeal was denied on April 15, 2004. Because the petitioner did not file for a writ of certiorari to the United States Supreme Court, his conviction and sentence became final when the time for doing so -- 90 days -- had elapsed. Harris, 209 F.3d at 328. Accordingly, the petitioner's conviction and sentence became final on July 14, 2004, and absent any tolling event, petitioner had until July 14, 2005, to timely file his federal habeas petition.

The petitioner filed a state habeas petition on April 26, 2005. At that time, 286 days of the one-year limitation period had expired. It is not disputed that the petitioner's one-year limitation period was tolled during the pendency of this action. See 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d at 327 ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). The petitioner's state habeas petition was ultimately denied and his appeal of that decision was refused by the West Virginia Supreme Court of Appeals on September 24, 2009. Thus, the petitioner's one-year limitation period began running again the next day, September 25, 2009, and continued to run until it expired on December 12, 2009, after the passage of 79 additional days.[2] Consequently, the instant petition,

---

[2] 286 days + 79 days = 365 days, or one year.

3

filed on June 21, 2010, is more than six months late.[3]

## IV. Recommendation

For the reasons stated, the undersigned finds that the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is untimely filed and recommends that the petition [Dckt.1] be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: October 20, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[3]The petitioner does not assert that he is entitled to any statutory or equitable tolling.